Fecteau, J.
This matter[1] came on for hearing on March 7, 2002, to consider the application of the plaintiff-in-counterclaim (“Folio”) for a preliminary injunction to enforce a non-competition, confidentiality clause in a contract with a former employee (“Karns”) and it was argued by counsel; thereupon, in consideration of the pleadings, affidavits and arguments of the parties in support of and in opposition to the entry of a preliminary injunction, the court makes the following findings of fact and rulings of law. In determining whether to grant a preliminary injunction, this court considers the balancing test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
1.Failure to issue the preliminary injunction will not subject the moving party to a substantial risk of irreparable harm, i.e., loss of rights not capable of remediation by a final judgment in law or equity should the moving party prevail after a full hearing on the merits. The customer list and goodwill of the counterclaim plaintiff are areas that are vulnerable to harm. However, the moving party has misstated Karn’s tenure with it, claiming that he had been employed by Folio since 1987, when, in fact, he had been employed by a company that Folio acquired in 1998. In its acquisition of Karns’ former employer, the moving party did not acquire Karns’ goodwill with his customers. Moreover, it appears that there is a genuine issue of fact as to whether Folio itself is damaging its own good will by downsizing its Massachusetts office. Damages to Folio caused by a failure to enjoin Karns is more easily amenable to proof than attempting to prove the amount of damage to Karns in granting the injunction, since a documentary record would be established in the conduct of his business of the amount and sources of income received from former customers of the plaintiff-in-counterclaim, whereas a documentary record would be less likely to exist of customers of Folio who either remained with Folio due to the injunction or who left Folio and went to some unidentified vendor.
This ruling is based in part on the credible representation of Karns that he is not “soliciting” customers or employees of the plaintiff and that prior to leaving, he invited Folio’s directors of human resources and information technology to examine his manual and computer files to satisfy themselves that he has turned back to Folio all of its property, including data stored in any computer, computer disks, and hard copies of Folio materials that likely included customer lists, leads, strategies, purchasing patterns, and the like. This ruling may be reviewed and reheard given new evidence of direct or indirect “solicitation" of customers of the counterclaim plaintiff by Karns or that he is still in possession of property of Folio.
2. There is a likelihood that the moving party will not be successful after a full hearing on the merits. The counterclaim defendant contends that Folio breached their agreement first by announcing a unilateral change in the commission structure by not only reducing the commission rate but also imposing a sales quota, contrary to the letter agreement, his understanding and his intent regarding his employment with Folio being conditioned upon his receipt of a flat guaranteed commission rate without being subject to a sales quota, thus excusing him from his obligations under the contract. Additionally, there are questions raised in the affidavits as to whether Karn’s stock option rights have been unilaterally diluted or eliminated. There are genuine questions of material fact concerning a significant change in the circumstances of the parties’ relationship with each other and to their customers that raises a significant issue of either a failure of consideration, a breach by the moving party or an impossibility of performance. These are factual disputes that cannot be finally resolved without a trial on the merits, but there is credible evidence in the affidavits presented that support the position of Karns.
3. The granting of the preliminary injunction will create a substantial risk of irreparable harm to the party opposing the issuance of the injunction. If Karns prevails on the merits following the entry of a preliminary injunction against him, it becomes more difficult, in my judgment, to calculate his damages due to *567 the speculativeness of attempting to determine the business he would have obtained had an injunction not entered.
4. There is a likelihood that the party opposing the issuance of the injunction will be successful after a full hearing on the merits. Should Karns prevail on the issue of the prior breach by Folio concerning the unilateral change in the commission structure, the counterclaim defendant will prevail on the merits of the case which will also prevent Folio from obtaining the permanent relief it seeks, namely specific performance of the non-competition and other restrictive employment provisions in the contract.
5. The court concludes that the risk of irreparable harm to the moving party, viewed in the light of that party’s chances of success on the merits of the case, does not outweigh the probable harm to the opposing party, viewed in the light of that party’s likelihood of prevailing on the merits of the case.
6. The granting of the preliminary injunction will not best serve the public interest.
7. Accordingly, based upon the foregoing findings of fact and rulings of law, the application for the entry of the preliminary injunction is DENIED.

 The employee filed this action primarily as a declaratory judgment, seeking to obtain a declaration of the rights and duties of the parties in connection with his agreements with Folio.